1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Auto Finance Specialists, Inc., | No. CV-09-0200-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| ADESA Phoenix, LLC, a New Jersey Limited Liability Company; Circle T. Inc., an Idaho Corporation; The Auto Shoppe, Inc., an Iowa Corporation; Does 1 through 100, inclusive, | |
| Defendants. | |

Pending before the Court is Defendant The Auto Shoppe, Inc.'s Motion for Summary Judgment**.** (Doc. #56). For the reasons that follow, the Court grants Defendant's Motion.

**I.  Background**

Plaintiff Auto Finance Specialist, Inc. is an auto dealer located in California. (Doc. #28 at ¶1; Doc. #51, SofF at ¶1). Defendant, The Auto Shoppe, Inc., is an auto dealer located in the state of Arizona (Doc. #51 at 2). In December 2005, Defendant sold Plaintiff a 2004 Ford F-250 truck ("the truck"), which Defendant represented as a theft

1 | recovery with a clear title containing no salvage branding.[1] (Doc. #28 at ¶¶11, 14; Doc.
2 | #51, SofF at ¶¶4, 8–9). Plaintiff then sold the truck to a customer who returned sometime
3 | later with a CARFAX[2] Report showing the vehicle as having or having had a salvage
4 | title. (Doc. #59 at ¶1; Doc. #51, SofF at ¶11). After being presented with the CARFAX
5 | Report and conducting its own investigation, Plaintiff repurchased the truck from the
6 | customer. (Doc. #59 at ¶1; Doc. #51, SofF at ¶12). Plaintiff filed its Amended
7 | Complaint on February 20, 2009, alleging Breach of Contract, "Fraud-Intentional
8 | Misrepresentation," "Fraud-Negligent Misrepresentation," and "Declaratory Relief."
9 | (Doc. #23). On March 3, 2010, Defendant filed the instant Motion for Summary
10 | Judgment. (Doc. #51).

**II.     Legal Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.*

---

[1] A "salvage title" is a vehicle title issued from the State that contains the word "salvage" in the section of the title document marked "brands." (*See* Doc. #51 at 2 & Ex. D). In this Order, the term "salvage branding" will be used to refer to this designation on the title.

[2] "CARFAX is a private company that provides a national, online database that tracks and reports the history of vehicles concerning title, ownership, accidents, and service." (Doc. #59 at ¶2).

The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247–48. However, in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

In this Circuit, the district court must consider even inadmissible evidence at the summary judgment phase of the proceedings unless a party has moved to strike the evidence or has otherwise objected to it. *See Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1003 (9th Cir. 2002)("In order to preserve a hearsay objection, a party must either move to strike the affidavit or otherwise lodge an objection with the district court.") *See e.g.*, *Allen v. Scribner*, 812 F.2d 426, 435 n.18 (9th Cir.), *amended by* 828 F.2d 1445 (9th Cir.1987); *Bieghler v. Kleppe*, 633 F.2d 531, 534 (9th Cir. 1980); *Scharf v. United States Attorney Gen.*, 597 F.2d 1240, 1243 (9th Cir.1979)). Additionally, the Court should focus on the contents of the evidence, rather than on its form. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).[3]

---

[3] *See also Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56"); *Fed. Deposit Ins. Corp. v. N.H. Ins. Co.*, 953 F.2d 478, 485 (9th Cir. 1991) ("the nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment.") (internal quotation marks and citation omitted).

### III. Analysis

Plaintiff's allegations appear to have evolved somewhat during these proceedings. In its Amended Complaint, Plaintiff alleged that Defendant misrepresented the truck's title as being clear of any branding when it was in fact salvaged. (Doc. #28 at ¶¶19, 21). However, in its Opposition to Defendant's Motion, Plaintiff alleges, not that Defendant misrepresented the title as not salvaged, but that Defendant knew or should have known that the CARFAX report would show the title as being salvaged and should have disclosed that information to Plaintiff. (Doc. #59 at ¶14). Because Plaintiff has argued two different sets of factual allegations, the Court will address the Motion for Summary Judgment in light of both the allegations made in the Amended Complaint and those made in Plaintiff's Opposition to the motion.[4]

#### A. Breach of Contract

"To bring an action for [a] breach of . . . contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages." *Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975). Both parties agree that there was a contract for the sale of the Ford truck. (Doc. #28 at ¶19; Doc. #51 at 3). Plaintiff fails to show, however, that there was a breach. Plaintiff agreed to purchase the truck from Defendant "with title classified as a theft recovery, and not a salvage title." (Doc. #28 at ¶19; Doc. #51, SofF at ¶¶4, 8–9; *See* Doc. #51, Ex. E). Plaintiff alleges in the Complaint that Defendant breached the purchase agreement "by providing [Plaintiff] with a title that was classified as a 'salvage title.'" (Doc. #28 at ¶21).

The facts clearly show that no breach occurred. Defendant has attached to its Motion a photocopy of the title it received from MVD, which does not show any salvage

---

[4] The Court notes Defendant's hearsay objection to the CARFAX report being considered as evidence. (Doc. #60 at 6). *See Pfingston v. Ronan Engineering Co.* 284 F.3d 999, 1003 (9th Cir. 2002)("In order to preserve a hearsay objection, a party must either move to strike the affidavit or otherwise lodge an objection with the district court."). However, the Court will consider the CARFAX Report for purposes of this Motion only without deciding on its admissibility.

branding (Doc. #51, Ex. D). Defendant has also presented a declaration by Mr. Thomas Sheik, a Special Investigator for the Arizona Department of Transportation ("ADOT"), who states that the truck did not have a salvage title and that ADOT issued a clean title to the Auto Shoppe prior to Plaintiff purchasing the vehicle. (Doc. #51, Ex. C at ¶5). Plaintiff has not controverted this evidence. Moreover, Plaintiff admits in the deposition of Mr. Masood Karoshi that the title it received for the truck was clear of any salvage branding and that he had no actual knowledge of any irregularity with the title itself (Doc. #51, Ex. E at 55, 117–18). Therefore, there was no breach under the facts pleaded in the Complaint.

In its Opposition to Defendant's Motion for Summary Judgment, Plaintiff alleges that it purchased the truck "with the understanding that it had a clear CARFAX REPORT." (Doc. #58 at 12). However, no such information or "understanding" is contained in the Sale Contract (Doc. #28, Ex. A; Doc. 51, Ex. E). Moreover, Plaintiff does not allege that Defendant made any written or oral representation specifically pertaining to the contents of the CARFAX Report. There was thus neither a contract nor a breach under the facts alleged in Plaintiff's Opposition. Therefore, the Court grants summary judgment with respect to the breach of contract claim.

### B. *Fraud - Intentional Misrepresentation*

In order to prevail on a common law fraud claim under Arizona law, a claimant must show:

> 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of the representation's falsity or ignorance of its truth; 5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) the hearer's reliance on its truth; 8) the right to rely on it; and 9) his consequent and proximate injury.

*Echols v. Beauty Built Homes*, 647 P.2d 629, 631 (Ariz. 1982); *see Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000) (citing *Echols*). "Where the defendant has a legal or equitable obligation to reveal material information, his failure to

do so is equivalent to a misrepresentation and may therefore support a claim of actionable fraud where the remaining elements of that tort are proved." *Haisch*, 5 P.3d at 944.

The Court will first address Plaintiff's argument as pleaded in its original Complaint. As to the first prong of the fraud test, the parties agree that Defendant represented the truck's title as clean and free of salvage branding. (Doc. #28 at ¶19; Doc. #51 at 3). However, Plaintiff's claim fails on the second prong because Defendant's representation was true, as discussed in the previous section. Therefore, Plaintiff's fraud claim as pleaded in the Complaint fails.

Alternatively, the Court will address Plaintiff's common law fraud claim as alleged in its Opposition to Plaintiff's Motion. Plaintiff fails to show that Defendant made a representation or qualifying omission as to the contents of the CARFAX Report. For an omission to qualify as fraud, the plaintiff must show that the defendant had a "legal or equitable obligation" to disclose the omitted information. *Haisch*, 5 P.3d 940 at 944. Plaintiff alleges that Defendant "concealed the fact that the CARFAX REPORT showed . . . [the truck] as a Salvage Title." (Doc. #58 at 8). Plaintiff further alleges that Defendant had a legal duty to disclose the CARFAX Report under Arizona's Consumer Fraud Act[5] (Doc. #58 at 8). However, the Consumer Fraud Act does not impose any common law duty upon Defendant, but rather creates a separate statutory cause of action.[6]

---

[5] A.R.S. § 44-1522.

[6] The Court does not interpret Plaintiff's reference to the statute as a free standing claim under the Arizona Consumer Fraud Act ("ACFA"). However, even if Plaintiff intended its reference to the statute as a separate ACFA claim, it appears to be barred by the statute of limitations because Plaintiff purchased the vehicle in 2005. *See* A.R.S. § 12-541(5) ("There shall be commenced and prosecuted within one year after the cause of action accrues, and not afterward, the following actions: . . . Upon liability created by statute, other than a penalty or forfeiture."); *Alaface v. Nat'l Inv. Co.*, 892 P.2d 1375, 1379 (1994) (holding that a cause of action under ACFA "accrues when 'the plaintiff knows or should have known of both the *what* and *who* elements of causation.'" (quoting *Lawhorn v. L.B.J. Institutional Supply, Inc.*, 765 P.2d 1003, 1007 (App. 1988))).

Plaintiff offers no other theory of what duty Defendant may have had to disclose the contents of the truck's CARFAX Report. Moreover, the Court has not located any authority establishing that an auto broker has a duty to disclose or produce independent third party reports about the history of a vehicle it is selling. Such a duty would be burdensome for auto sellers and it is simpler and more reliable for buyers to depend on official government-issued documents. Mr. Karoshi himself acknowledges that there are numerous reporting companies and that their reports sometimes contain errors. (Doc. #51, Ex. A at 66, 105). Therefore, Plaintiff's argument fails the first prong of the test for common law fraud because Plaintiff has not shown that Defendant made any representation or qualifying omission regarding the CARFAX Report. Thus, Plaintiff's fraud claim, as alleged in the Opposition, fails. Accordingly, summary judgment is granted as to this claim.

### C. *Negligent Misrepresentation*

To prove negligent misrepresentation, (1) there must be incorrect information given for the guidance of others in business dealings; (2) the party giving the false information intended that the other parties would rely on that information and failed to exercise reasonable care in obtaining or communicating that information; (3) the other parties were justified in relying on that incorrect information and actually relied to their detriment, and (4) such reliance caused their damages. *Taeger v. Catholic Family Cmty. Serv.*, 995 P.2d 721, 730 (Ariz. Ct. App. 1999).

In its Complaint, Plaintiff alleges that Defendant represented the truck as having "a title classified as a theft recovery and not a salvage title," but that "this representation was false." (Doc. #28 at ¶49–50). Plaintiff further alleges that Defendant was "negligent in knowing about the truth or falsity of the representation." (*Id.* at 51). As previously discussed, the uncontroverted facts show that the title was in fact clear and not salvaged.[7]

---

[7] *See* III.B *supra*.

- 7 -

1 Accordingly, the claim of negligent misrepresentation fails because no incorrect
2 information was given.

3 In its Opposition, Plaintiff titles its claim "Negligent Misrepresentation" and then
4 lays out the standard for both negligence and negligent misrepresentation. Plaintiff then
5 proceeds to address its argument only to the negligence standard. To establish a cause of
6 action for negligence, a plaintiff must show a duty, a breach of that duty, causation, and
7 injury or damages. *Saucedo v. Salvation Army*, 24 P.3d 1274, 1278 (Ariz. Ct. App. 2001).

8 With regard to its negligence claim, Plaintiff again argues that Defendant had a
9 duty to disclose the CARFAX Report under the Arizona Consumer Fraud Act,[8] which
10 states that the "omission of any material fact with intent that others rely upon such
11 concealment" is unlawful. Again, this is a separate statutory cause of action and does not
12 impose a common law duty on Defendant. Thus, the negligence claim fails because
13 Plaintiff failed to cite any authority that establishes that Defendant had a legally
14 recognized common law duty to disclose the CARFAX Report to Plaintiff.

15 Plaintiff does not raise any new factual issues, nor does Plaintiff argue how its facts
16 meet the elements of negligent misrepresentation. Plaintiff merely states that "the analysis
17 conducted [previously in its memorandum] to show common law fraud also shows the
18 elements for negligent misrepresentation." (Doc. #58 at 10). The standard for negligent
19 misrepresentation is not, however, the same as that for fraud because the former requires
20 that the plaintiff show the defendant "failed to use *reasonable care* in obtaining or
21 communicating [the false] information." *See Taeger*, 995 P.2d at 730 (emphasis added).
22 Plaintiff offers no evidence to show that the standard of reasonable care in the auto
23 brokering industry includes providing the buyer with a CARFAX Report, or knowing and

---

[8] A.R.S. § 44-1522.

1 disclosing what information might be on such a report.[9] Therefore, Plaintiff's claim for
2 negligent misrepresentation fails and summary judgment is granted as to this claim.

**IV.     "Declaratory Relief"**

In its Complaint, Plaintiff titles its fourth cause of action "Declaratory Relief," but cites no legal authority for this claim. In its Opposition, Plaintiff refers again to the Arizona Consumer Fraud Act and asks the Court to "declare the sale of [the truck] as unlawful." It does not appear, however, that the statute gives the Court any such authority.[10] Accordingly, summary judgment is granted as to this claim.

**Accordingly,**

IT IS HEREBY ORDERED that Defendant The Auto Shoppe, Inc.'s Motion for Summary Judgment (Doc. #51) is **granted**; The Auto Shoppe, Inc. may file its motion for attorneys fees and bill of costs consistent with Local Rule Civ. 54.

IT IS FURTHER ORDERED that Plaintiff's oral motion to amend the pleadings is **denied**.

IT IS FURTHER ORDERED that Plaintiff shall move for default judgment against Defendant Circle T within 15 days of the date of this Order.[11]

///

///

///

---

[9] The Court notes that Plaintiff's counsel briefly mentioned in his oral argument that it is common in the industry for sellers to provide buyers with a CARFAX Report. However, counsel does not make this argument in his Opposition to Defendant's Motion for Summary Judgment, nor does he provide any evidence this allegation, such as an expert affidavit.

[10] *See* A.R.S. § 44-1522. In the event that Plaintiff is attempting to proceed under the federal Declaratory Judgment Act, the Court will briefly address it. The Declaratory Judgment Act gives federal courts the power to declare the rights and duties of parties to a dispute "upon the filing of an appropriate pleading." 28 U.S.C. § 2201(a). The Act does not create a separate cause of action, nor does it seem applicable in this case. Moreover, the Court did not receive an appropriate pleading under the Act.

[11] Default was entered at Doc. #48.

IT IS FURTHER ORDERED that, consistent with the statements on the record at oral argument, Defendant Adesa Phoenix, LLC must file a notice of settlement and stipulation to dismiss its cross-claim against The Auto Shoppe, Inc. within 15 days of this Order.

DATED this 10th day of May, 2010.

_____
James A. Teilborg
United States District Judge